IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| ROBERTO ROBLES, Jr.,    ) | | |
| ) | | |
| Petitioner    ) | | |
| ) | | |
| vs.    ) | | |
| ) | | |
| HARRY WILSON, Superintendent, and    ) | Civil Action 06-366 | |
| TOM CORBETT, Attorney General of    ) | Judge Gary L. Lancaster/ | |
| the Commonwealth of Pennsylvania,    ) | Magistrate Judge Amy Reynolds Hay | |
| ) | | |
| Respondents    ) | | |
| ) | | |

## REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is respectfully submitted that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be transferred to the United States District Court for the Eastern District of Pennsylvania.

**REPORT**

Roberto Robles (Petitioner) is currently incarcerated at SCI-Fayette, which is located in LaBelle, Pennsylvania, Fayette County, which is within the territorial boundaries of the Federal District Court for the Western District of Pennsylvania. 28 U.S.C. § 118(c).  Petitioner has submitted for filing a habeas corpus action pursuant to 28 U.S.C. Section 2254.  In that petition, he is challenging the validity of his conviction which was obtained in the Philadelphia County Court of Common Pleas, which is located within the territorial boundaries of the United

States District Court for the Eastern District of Pennsylvania. Because that conviction arose out of Philadelphia County, the interests of justice weigh in favor of transfer to the United States District Court for the Eastern District of Pennsylvania.

The power of this court to grant the writ is founded upon 28 U.S.C. § 2241(a) which provides that the "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge **within their respective jurisdictions**."(emphasis added).

At the time of instituting this action, Petitioner was in prison at SCI-Fayette. Consequently, both the Western District and the Eastern District had jurisdiction to entertain this petition. See 28 U.S.C. § 2241(d). See also Dunne v. Henman, 875 F.2d 244, 248-50 (9th Cir. 1989)("The fact that a prisoner is outside the territorial limits of a federal district court does not deprive it of subject matter jurisdiction. A district court has *subject matter* jurisdiction over a habeas petition alleging a violation of federal law under federal question jurisdiction.") (citations omitted); Irving v. Breazeale, 265 F.Supp. 116, 120 n.9 (S.D. Miss. 1967)(Southern District of Mississippi, in which the petitioner's state trial was conducted, had jurisdiction over his habeas petition filed there even though he was incarcerated in the Northern District of Mississippi), aff'd, 400 F.2d 231 (5th Cir. 1968). Although this

2

court possessed subject matter jurisdiction to entertain this petition, it is not required to exercise it if the interests of justice counsel otherwise.

Venue[1] in habeas cases is proper in either the district in which the state conviction was obtained or the district in which the petitioner is incarcerated.  See <u>Walker v. Lockhart</u>, 620 F.2d 683, 684 n.1 (8th Cir. 1980) (although petitioner was confined in the Eastern District of Arkansas, he filed his habeas petition in the Western District wherein his state trial was held, the court held that "venue was properly laid in the Western District.  28 U.S.C. § 2241(d).").

As venue was proper in either this District or in the Eastern District, the court must, in the exercise of its discretion, determine whether transferring this case to the Eastern District would be "in furtherance of justice."  28 U.S.C. § 2241(d).  In performing this analysis, the courts may rely upon traditional venue considerations.  See <u>Braden v. 30th Judicial District</u>, 410 U.S. 484, 493 (1973); <u>Garcia v. Pugh</u>, 948 F.Supp. 20, 23 (E.D. Pa. 1996).  Those considerations include: (1) the location where the material events took place; (2) the location where records and witnesses pertinent to the claim are likely to be found; (3) the convenience of the forum for the petitioner and

---

[1] The issue of proper venue may be raised sua sponte by a court. See <u>Stjernholm v. Peterson</u>, 83 F.3d 347, 349 (10th Cir. 1996).

the respondent and; (4) the familiarity of the court with the applicable laws. Roman v. Ashcroft, 162 F.Supp.2d 755, 765 (N.D. Oh. 2001).

Application of those traditional venue considerations to the facts of this case reveals that this case should be transferred to the Eastern District. The material event - Petitioner's trial and conviction - took place in Philadelphia County. The records and the participants are located in that County. If a hearing is held, it would be more convenient for both Petitioner and the District Attorney of Philadelphia County to litigate this petition there, for no doubt, Petitioner would be at least temporarily transferred to a Department of Corrections facility near Philadelphia were a hearing to be required. The last factor is evenly balanced as both this court and the Eastern District are familiar with the law of Pennsylvania. Considering all of these factors, it appears that they weigh in favor of transferring this petition to the Eastern District. Accordingly, it is recommended that the case be transferred to the Eastern District of Pennsylvania.[2]

---

[2] The court considered the question of whether the court in the Eastern District would have or could obtain personal jurisdiction over Petitioner's "custodian", assuming it to be the warden of SCI-Fayette, who is located outside of the territorial limits of the Eastern District. The answer to that question is yes. See Fed.R.C.P. 4(k)(1)(A)("Service of a summons or filing of waiver of service is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated:   18 April, 2006

---

    located").  Here it is indisputable that the Warden of SCI-Fayette could be subjected to the personal jurisdiction of a Pennsylvania state court of general jurisdiction.  See 42 Pa.C.S. § 5301("The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:(1) Individuals. – (i) Presence in this Commonwealth at the time when process is served. (ii) Domicile in this Commonwealth at the time when process is served.").  See also, Garcia v. Pugh, 948 F.Supp at 22-23 (finding that although custodian of habeas petitioner was located in the Middle District of Pennsylvania as was the prison, the custodian could be reached by process issued out of the federal court in the Eastern District and therefore, the Eastern District could exercise personal jurisdiction over the custodian).  Thus, the consideration of the exercise of personal jurisdiction over Petitioner's custodian does not bar transfer of this case to the Eastern District.

```
cc:   The Honorable Gary L. Lancaster
      United States District Judge


      Roberto Robles, Jr.
      EN-0467
      S.C.I. at Fayette
      Box 9999
      LaBelle, PA 15450-0999
```